Cornell HUTCHINSON, Appellant,

v.

Sampson OWENS and Workmen's Compensation Board, Appellees.

Court of Appeals of Kentucky.

Oct. 2, 1970.

Elwood Rosenbaum, Rosenbaum & Smith, Lexington, for appellant.

Joseph D. Harkins, Harkins & Hougland, Lexington, for Sampson Owens.

J. Keller Whitaker, Frankfort, for Workmen's Compensation Board.

CULLEN, Commissioner.

The Workmen's Compensation Board awarded Sampson Owens compensation for 25% permanent partial disability by reason of a condition of costo chondritis (a painful, noninfectious swelling of the joint between the sternal bone and adjoining ribs) which the board found was caused by strain when Owens was undertaking to lift a heavy timber in the course of his employment by Cornell Hutchinson as a common laborer. On Hutchinson's appeal to the circuit court judgment was entered upholding the award. Hutchinson has appealed to this court from that judgment.

The only contention made by the appellant is that there was a failure by Owens to establish by competent medical testimony that the costo chondritis was caused by an injury in employment.

Owens testified that he felt a pulling sensation in his chest causing pain, when he was engaged in lifting a stud to be used in building a barn. He stated that he had not experienced any pain in his chest prior to that date.

Dr. Thomas Hobbs testified that upon examining Owens for the purpose of treatment he found him to be suffering from costo chondritis; that Owens told him of the straining incident and that he had not prior thereto had any pain in his chest; that in examining Owens the doctor found no evidence of the existence of any disease or condition which might have pre-existed the date of injury; that costo chondritis can be caused by lifting and straining and *usually* is found where there has been "some evidence of trauma plus straining or lifting;" and that in the doctor's opinion the costo chondritis found in Owens was "secondary to his occupation." He was never asked point blank whether in his opinion Owens' costo chondritis was "caused" by the straining incident. However, on cross-examination, Hutchinson's attorney asked the doctor whether certain proposed assumptions would "in any way impair your opinion that this man was injured at work and that has brought about his claimed disability," thus indicating the attorney's interpretation of the doctor's previous testimony as having expressed in substance the doctor's opinion that the disability was caused by the injury.

We think the evidence amply met any requirement of medical proof of causation. See Jarboe v. Harting, Ky., 397 S.W. 2d 775. While the doctor did not say specifically that the disabling condition *was* caused by the injury or *probably* was caused by the injury, such is the reasonable import of his testimony, and apparently it was so understood by the appellant's attorney at the hearing. When the doctor said that he could find no indication of any disease or condition that pre-existed the date of the injury, and that costo chondritis *usually* results from straining or lifting, we think he in substance was saying that the disability probably was caused by the injury. Furthermore, the doctor's statement that in his opinion Owens' costo chondritis was "secondary to his occupation" very well could be interpreted as an express opinion of causation, because the word "secondary" has in some contexts, and especially in medical usage, a meaning of causation or derivation. See Webster's Third New International Dictionary, Merriam-Webster.

The appellant makes some point of the fact that a medical history document, hearing Dr. Hobbs' rubber-stamped signature, recited that Owens had had

chest pains or discomfort for a period of a year preceding the date of the straining incident. Dr. Hobbs testified that the medical history was taken by an extern several days before Owens was examined by the doctor, and he disclaimed any responsibility for the history. We think the responsibility for the history really is not material because the history at the most established a contradiction of Owens' testimony as to when he first suffered pain in his chest, which would raise a question of Owens' credibility but not destroy it. Appellant argues that the statement in the history constituted a judicial admission but of course it did not, because it was not made in the course of a judicial proceeding.

The judgment is affirmed.

All concur.